### Amy L. Paulding, Defendant in Error, v. Carolina White, Plaintiff in Error.

#### Gen. No. 18,264.

APPEALS AND ERRORS—*where affidavit of defense is not filed in time.* Where the record does not contain defendant's affidavit of defense tendered after the time in which to file it had gone by, this court without knowing its contents cannot say that this trial court abused its discretion.

Error to the Municipal Court of Chicago; the Hon. HUGH R. STEWART, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed March 25, 1913.

CAIROLI GIGLIOTTI, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE BARNES delivered the opinion of the court.

On January 12, 1912, plaintiff filed her statement of claim alleging a contract of hire and that defendant owed her $42.85 thereunder. On January 17th, defendant entered her appearance and time for filing her affidavit of defense was extended five days. On January 24th, default was taken for want of an affidavit of merits and judgment entered for said amount.

In the statement of facts certified to by the court,

it appears that on the day judgment was entered and before default was taken, defendant tendered an affidavit of defense, which both the clerk and the court refused to receive on the ground that the time to file the same had gone by.

The only question the record brings before us is whether there was an abuse of discretion on the part of the court in such refusal. The nature or contents of the affidavit defendant presented are not preserved in the record. Without knowing them, we cannot say that the court abused its discretion, it otherwise appearing that the action was taken in accordance with the rules.

The judgment is affirmed.

*Affirmed.*